## RUPRECHT et v WITTAKER et

Ohio Appeals, 1st Dist, Butler Co

No 570. Decided May 8, 1933

Oscar Leisure, Hamilton, and Walter S. Harlan, Hamilton, for plaintiffs in error.

Pater & Pater, Hamilton, for defendants in error.

## OPINION

By HAMILTON, PJ.

One of the grounds of error is the refusal of the trial court to permit the filing of an amended answer. The second ground of error is that the payments provided for in the contract were in fact a penalty in case of a breach and not liquidated damages. This is the new matter alleged in the amended answer tendered. The amended answer makes some statement contrary to the original answer filed and refusal of leave to file would not be reversible error if the new matter is unimportant.

It appears to this court that if the trial court had permitted the amended answer to be filed and had heard the case on evidence which might have been submitted, notwithstanding the admission of the answer, it would have presented a better record. Further, since the law abhors a forfeiture the trial court might well have given a period of time to the defendants to make good their default and thus keep the contract in force. However, at no time in the proceeding in the trial court or reviewing court, have the defendants made any offer to pay up their arrearages and it must be taken for granted that they could not or would not do so. Neither do we feel that a reversal would be justified as presented by the pleadings, on the ground that the payments made must be considered as a penalty and not as liquidated damages.

The contract is pleaded and admitted and provides that the monthly payments shall be held as rental and as liquidated damages. Under no consideration could $35.00 per month for a home be considered so excessive as to require the payments to be considered as a penalty and not as liquidated damages or rentals. Even were the payments considered as penalty, it could not aid plaintiff in error for the reason that if a penalty, the amount of loss to the plaintiff by way of rental and other inconveniences necessarily involved in the sale and transfer of a tract of real estate, would consume a large part or all of the payments made. In other words, were this suit for breach of contract and no payments had been made, the damage would certainly equal the amount paid, taking into consideration the use of the property for a period of more than five years, together with loss of interest and rental.

Our conclusion is that nothing would be gained by plaintiff in error by a technical reversal and we therefore do not find any prejudicial error in the action of the trial court. The judgment is affirmed.

ROSS and CUSHING, JJ, concur